IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00028-KDB-SCR

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>NOVANT HEALTH, INC.<br><br>and<br><br>COMMUNITY HEALTH SYSTEMS, INC.,<br><br>*Defendants.* | INTERIM PROTECTIVE ORDER |

**THIS MATTER IS BEFORE THE COURT** on the parties' Joint Motion for Entry of Interim Protective Order (ECF No. 28) filed February 2, 2024.

For the purpose of protecting the interests of the parties and nonparties in the above-captioned matter (the "Litigation") against improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Interim Protective Order shall govern the handling of all Confidential Material, as hereafter defined.

1.  As used in this Order, "Confidential Material" shall refer to any Document or portion thereof that contains privileged information, Competitively Sensitive Information, or Sensitive Personal Information. "Competitively Sensitive Information" shall refer to, but shall not be limited to, any trade secret or competitively sensitive research, analysis, technical, financial, development, or commercial information that has not been released into the public domain. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number,

credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a Party or nonparty. "Defendants" shall refer to Novant Health, Inc. and Community Health Systems, Inc. "Plaintiff" shall refer to the Federal Trade Commission ("Commission") or any of its employees, agents, attorneys, and all other persons acting on their behalf, excluding persons retained as consultants or experts for purposes of this proceeding. "Parties" shall refer to the Defendants and the Plaintiff. "FTC Administrative Action" means *In the Matter of Novant Health, Inc. and Community Health Systems, Inc.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9425, and any related investigation by the Federal Trade Commission.

2. Any Document or portion thereof submitted by a Defendant or a nonparty during an FTC investigation, the FTC Administrative Action, or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or information that discloses the substance of the contents of any Confidential Materials derived from a Document subject to this Interim Protective Order, shall be treated as Confidential Material for purposes of this Interim Protective Order. The identity of a nonparty, including the identity of a nonparty's employer, submitting such Confidential Material shall also be treated as Confidential Material for the purposes of this Interim Protective Order where the submitter has requested such confidential treatment.

3. The Parties and any nonparties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this proceeding, may designate any responsive Document or portion thereof as Confidential Material, including Documents obtained by them from nonparties pursuant to discovery or as otherwise obtained.

4. The Parties, in conducting discovery from nonparties, shall provide to each nonparty a copy of this Interim Protective Order so as to inform each such nonparty of their rights herein.

5. A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6. Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. NOVANT/CHS", "CONFIDENTIAL–FTC v. NOVANT, et al., Case No. 5:24-cv-00028" or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL– NOVANT/CHS", "CONFIDENTIAL–FTC v. NOVANT, et al. Case No. 5:24-cv-00028", or any other appropriate notice that identifies this proceeding, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

7. Confidential Material shall be disclosed only to: (a) the Court presiding over this proceeding and personnel assisting the Court, including its support staff; (b) the Administrative

Law Judge presiding over the FTC Administrative Action, and staff and personnel assisting the Administrative Law Judge; (c) the Commission and its employees; (d) personnel retained by the Commission as experts or consultants for this proceeding or the FTC Administrative Action, including litigation support services, and their staff, provided they have signed Exhibit A; (e) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter or the FTC Administrative Action; (f) outside counsel retained by any Defendant for this proceeding or the FTC Administrative Action, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (g) anyone retained to assist outside counsel for any Defendant in the preparation or hearing of this proceeding or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not employed by or affiliated with a Defendant in any way and have signed Exhibit A; (h) any witness or deponent who may have authored or received the information in question; and (i) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action.  Nothing in this Interim Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or an expert witness retained by the Party.

8. Disclosure of Confidential Material to any person described in Paragraph 7 of this Interim Protective Order shall be only for the purposes of the preparation and hearing of this proceeding and the FTC Administrative Action, or any appeal therefrom, and for no other purpose whatsoever; provided, however, that the Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any legal obligation imposed upon the Commission.

9. Notwithstanding the limitations set forth in Paragraphs 7 and 8 and subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

10. Any motion, memorandum, Document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law. In the event that any Confidential Material is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a nonparty, the Party including the material in its papers shall immediately, and in no event more than 48 hours after filing, notify the submitter of such inclusion. Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Material. Further, if the protection for any such Confidential Material expires, a Party may file on the public record a duplicate copy which also contains the formerly protected Confidential Material.

11. If counsel plans to introduce into evidence at any hearing any Document or transcript containing Confidential Material produced by another Party or by a nonparty, they shall provide at least 14 days' advance notice to the other Party or nonparty for purposes of allowing that Party or nonparty to seek an order that the Document or transcript be granted *in camera* treatment. If that Party or nonparty wishes *in camera* treatment for the Document or transcript, the Party or nonparty shall file an appropriate motion with the Court within seven (7)

5

Case 5:24-cv-00028-KDB-SCR   Document 29   Filed 02/05/24   Page 5 of 9

days after it receives such notice.  Except when such an order for *in camera* treatment is granted, all Documents and transcripts shall be part of the public record.  When *in camera* treatment is granted, a duplicate copy of such Document or transcript with the Confidential Material redacted therefrom may be placed on the public record.

12.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the submitter of receipt of such request.  Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten (10) business days before production, and shall include a copy of this Interim Protective Order and a cover letter that will apprise the submitter of its rights hereunder.  Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Interim Protective Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court.  The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material.  In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13.     At the time that any expert, consultant or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing Confidential Material.  At the conclusion of this proceeding and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation to their submitters; provided, however, that the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

6

Case 5:24-cv-00028-KDB-SCR   Document 29   Filed 02/05/24   Page 6 of 9

14. In the event of an inadvertent disclosure of any Confidential Material to any person(s) not authorized to receive such disclosure under this Interim Protective Order, the Party responsible for having made such disclosure shall promptly notify all other Parties, in addition to the Party or nonparty that produced the Confidential Material, that the material has been disclosed and provide to such person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Material.

15. All Documents produced will be treated as Confidential Material for ten (10) business days from the date this Interim Protective Order is filed, even if not designated in accordance with this Interim Protective Order. Any production of Documents not designated as Confidential Material will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Material. If at any time prior to the conclusion of this Litigation, a Party or nonparty determines that it should have designated as Confidential Material any Documents that the Party previously produced, it may so designate such Documents by notifying the Parties in writing. The Parties shall thereafter treat the Documents pursuant to the new designation under the terms of this Interim Protective Order. No prior disclosure of newly designated Confidential Material shall violate this Interim Protective Order, provided that the prior disclosure occurred more than ten (10) business days after that Confidential Material was produced without having been designated as Confidential Material. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent designation. Any documents, data, or other information produced by either Defendant to the Federal Trade Commission during its investigation and designated at the time of production as confidential, highly confidential,

proprietary, exempt from disclosure under the Freedom of Information Act, or submitted under the HSR Act shall be deemed Confidential Material under this Interim Protective Order.

16. Any discovery marked in the FTC Administrative Action as confidential shall be treated as Confidential Material as defined in this Order. Similarly, any discovery obtained in this Litigation and designated as confidential shall be treated as confidential in the FTC Administrative Action. Material previously designated as confidential prior to the entry of this Order need not be re-designated.

17. The provisions of this Interim Protective Order, insofar as they restrict the communication and use of Confidential Materials, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

18. The ultimate disposition of Confidential Material shall be subject to a final order of the Court on the completion of the Litigation.

19. Defendants expect that access to nonparty confidential material by in-house counsel will be necessary to the defense of this action; thus, Defendants anticipate seeking modification of the interim protective order from the Court. The Parties therefore reserve the right to request that the Court modify this Interim Protective Order upon motion, as well as to object to requested modifications, including to ensure that nonparties whose Confidential Material is implicated receive sufficient notice and opportunity to be heard in connection with such modifications and considering the needs of Defendants' counsel to adequately represent their clients in this action.

**SO ORDERED**.

Signed: February 5, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Interim Protective Order that was issued by the United States District Court for the Western District of North Carolina on [date] in the case of *Federal Trade Commission, et al. v. Novant Health, Inc., et al.*, 5:24-cv-00028-KDB-SCR. I agree to comply with and to be bound by all the terms of this Interim Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Interim Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Interim Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Interim Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

9

Case 5:24-cv-00028-KDB-SCR   Document 29   Filed 02/05/24   Page 9 of 9