**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00028-KDB-SCR**

| |
|---|
| FEDERAL TRADE COMMISSION |
| |
| Plaintiff, |
| |
| v. |
| |
| NOVANT HEALTH, INC. |
| |
| and |
| |
| COMMUNITY HEALTH SYSTEMS, INC., |
| |
| Defendants. |

## JOINT STIPULATED CASE MANAGEMENT ORDER

The parties—Plaintiff Federal Trade Commission ("FTC" or "Commission"), Defendant Novant Health, Inc. ("Novant") and Defendant Community Health Systems, Inc. ("CHS")—have met and conferred regarding a Joint Stipulated Case Management Order. Their submission (Doc. No. 43) reflects (mostly) areas of agreement along with several points for which the Parties propose different schedules / provisions. The Court appreciates the Parties' cooperation and now enters this case management order which formalizes the Parties' agreements and resolves the issues on which the Parties' were unable to agree.

1

# I. SUBJECTS OF AGREEMENT AND PROPOSED SCHEDULES

## A. CASE SCHEDULE

The Court hereby adopts the following case schedule:[1]

| Event | Defendants' Proposal | Plaintiff's Proposal |
|---|---|---|
| Discovery Commences | Monday, February 5, 2024 | |
| Defendants File Answer | Thursday, February 8, 2024 | |
| Exchange of Initial Disclosures | Thursday, February 8, 2024 | |
| Simultaneous Exchange of Initial Fact Witness Lists | Friday, February 16, 2024 | |
| Simultaneous Exchange of Initial Expert Reports | Wednesday, March 6, 2024 | |
| Simultaneous Exchange of Supplemental Witness Lists | Friday, March 8, 2024 | |
| Close of Fact Discovery | Thursday, March 14, 2024 | |
| Plaintiff Files Memorandum in Support of Preliminary Injunction Motion | Friday, March 15, 2024 | |
| Defendants File Opposition to Plaintiff's Preliminary Injunction Motion | Friday, April 5, 2024 | |
| Simultaneous Exchange of Expert Rebuttal Reports | Monday, April 8, 2024 | |
| Exchange of Exhibit Lists | Wednesday, April 10, 2024 | |
| Exchange of Final Witness Lists | Thursday, April 11, 2024 | |
| Plaintiff Files Reply to Defendants' Opposition to Preliminary Injunction Motion | Monday, April 15, 2024 | |

[1] Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).

2

| Close of Expert Discovery | Monday, April 15, 2024 |
|---|---|
| Parties Exchange Objections to Exhibit Lists | Wednesday, April 17, 2024 |
| Motion *in Limine* Deadline | Thursday, April 18, 2024 |
| *In Camera* Designation Deadline | Wednesday, April 24, 2024 |
| Motion *in Limine* Response Deadline | Monday, April 22, 2024 |
| Pre-Hearing Conference | Thursday, April 25, 2024 |
| Evidentiary Hearing Begins | Monday, April 29, 2024 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | To be set by Court at the close of evidentiary hearing (but at least 10 days following the hearing) |

**B. TEMPORARY RESTRAINING ORDER**

The Court entered the Stipulation and Temporary Restraining Order on January 29, 2024. Under that Temporary Restraining Order, the Defendants cannot close their transaction until after 11:59 PM Eastern Time on the 5th business day after this Court rules on Plaintiff's motion for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act or until after the date set by the Court, whichever is later.

**C. DISCOVERY**

1. <u>Schedule.</u> All discovery requests must be issued in time to allow for completion by the close of fact discovery. However, to the extent a third-party deposition is properly noticed in accordance with this Order and the third party's schedule cannot accommodate a deposition before the close of fact discovery, a later deposition may occur with the agreement of both sides. No party may unreasonably withhold agreement.

3

2. <u>Initial Disclosures</u>.  The parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by February 8, 2024.  The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).  For the avoidance of doubt, the parties need not supplement their initial disclosures with third-party witnesses timely disclosed through the witness list exchange processes in this Order.

3. <u>Motion to Dismiss.</u>  Defendants do not intend to file a motion to dismiss.

4. <u>Pre-Trial Discovery Conference.</u>  The parties have satisfied their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.1 to file a certificate of initial attorney's conference and to meet and confer about scheduling and a discovery plan.

5. <u>Third-Party Discovery.</u>  The parties agree to forego the three (3) calendar day notice period for third-party subpoenas set forth in Local Rule 45.2.  The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Every documentary subpoena to a third party shall include a cover letter requesting that (1) the third party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2)

4

the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a third party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the third-party subpoena, as well as all materials received voluntarily in lieu of a subpoena, including declarations or affidavits obtained from a third party, to all other parties within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a third party produces documents or electronic information that are not Bates-stamped, the issuing party receiving the documents shall use best efforts to promptly Bates-stamp the documents or electronic information and re-produce them with Bates-stamps within seven (7) calendar days of receipt. If a party serves a third party with a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the return date for the document subpoena, including any modifications or extensions for the document subpoena. Each side shall serve subpoenas for the production of documents upon no more than five entities or individuals, except that each side may serve subpoenas for the production of documents on any:

a)      Entities or individuals who appeared on either side's preliminary witness list or supplemental witness list; or sat for an investigational hearing during Plaintiff's investigation (FTC File No. 231-0068); or who received a FTC Civil Investigative Demand during Plaintiff's investigation (FTC File No. 231-0068); or

5

        b)      Entities affiliated with the entities or individuals identified in the immediately preceding subsection (a).

6. <u>Party and Third-Party Document Production.</u>  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall substantially comply with requests for production no later than twenty-five (25) calendar days after the date of service.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the proposed transaction between Novant and CHS (FTC File No. 231-0068).  The parties agree to make best efforts to produce documents on a rolling basis and prioritize data productions.  The parties agree to make best efforts to substantially produce documents for each deponent no later than seven (7) calendar days before the deponent's deposition.

        i.    Document Productions shall be sent to the attention of:

            1.  To the FTC:

               Nathan Brenner (nbrenner@ftc.gov)
               Nicolas Stebinger (nstebinger@ftc.gov)
               Karen Hunt (khunt@ftc.gov)
               Ryan Maddock (rmaddock@ftc.gov)
               Jeanne Nichols (jnichols@ftc.gov)
               Karthik Pasupula (kpasupula@ftc.gov)
               Afraa Syed (asyed@ftc.gov)
               Qwai-Zia Pennix (qpennix@ftc.gov)
               Teresa Martin (tmartin@ftc.gov)

6

2.  To Novant:

Heidi Hubbard (hhubbard@wc.com)
Beth Stewart (bstewart@wc.com)
CJ Pruski (cpruski@wc.com)
Liat Rome (lrome@wc.com)
Kaitlin Beach (kbeach@wc.com)
Altumash Mufti (amufti@wc.com)
Brian Cromwell (briancromwell@parkerpoe.com)
Caroline Barrineau (carolinebarrineau@parkerpoe.com)

3.  To CHS:

Michael Perry (mjperry@gibsondunn.com)
Jamie France (jfrance@gibsondunn.com)
Scott Hvidt (shvidt@gibsondunn.com)
Thomas Tyson (ttyson@gibsondunn.com)
Logan Billman (lbillman@gibsondunn.com)
Connie Lee (clee2@gibsondunn.com)
Connor Leydecker (cleydecker@gibsondunn.com)
David Lam (dlam@gibsondunn.com)
Adam Doerr (adoerr@robinsonbradshaw.com)
Kevin Crandall (kcrandall@robinsonbradshaw.com)

In the event that any documents are too voluminous for electronic mail, the parties may serve an electronic version of the papers on opposing counsel via an electronic file transfer platform.

7.  <u>Requests for Admission.</u>  Requests for admission shall be limited to requests for admission related solely to the authenticity of a document or the admissibility of documents, data, or other evidence.

8.  <u>Expert Reports.</u>  The parties shall serve their initial expert reports by March 6, 2024. The parties shall exchange any rebuttal expert reports by April 8, 2024. Each side shall be limited to serving expert reports from no more than three (3) expert witnesses. The parties may seek leave to exceed this limit for good cause shown.

7

9. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a)    Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i.    any form of communication or work product shared between any of the parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between the expert(s) or consultants themselves; or between any of the experts themselves;

        ii.    any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

        iii.    expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

        iv.    drafts of expert reports, analyses, or other work product; or

        v.    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in the following paragraph, Section C(9)(b) of this Order.

    b)    The parties agree that they will disclose the following materials with all expert reports:

        i.    a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

8

ii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files; and

iii. notwithstanding the provisions of Section C(9)(a)(i), any communication from a party's counsel that forms the sole basis for an opinion, assumption, or fact stated in the expert's report.

10. Depositions.

a) *Number of Depositions.* Each side may depose any witness who is listed on either side's preliminary or supplemental witness list, who provides a declaration, affidavit, or letter of support, or who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 231-0068). Each side may take a maximum of five (5) depositions of fact witnesses beyond those listed on either side's preliminary or supplemental witness list, who provides a declaration affidavit, or letter of support, or who sat for an investigational hearing during Plaintiff's investigation (FTC File No. 231-0068), or who received an FTC Civil Investigative Demand during Plaintiff's investigation (FTC File No. 231-0068). A 30(b)(6) deposition counts as no more than one deposition, regardless of whether a party or third party designates multiple individuals. Cross-notices of depositions will not count against the above totals. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

9

b) *Notice*.  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If the third party fails to timely comply with the document subpoena, the parties shall consult regarding whether to reschedule the deposition and shall not unreasonably withhold consent.  If a third-party deposition is properly noticed pursuant to the above, but the third party's schedule does not reasonably accommodate a deposition before the end of fact discovery, a later deposition may occur upon agreement by the parties.

11. Expert Depositions.  One deposition of each expert shall be allowed.  Expert depositions must be completed on or before April 15, 2024, the close of expert discovery.

12. Discovery Uses.  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding relating to Novant's acquisition of CHS assets (FTC Docket No. D09425).  Only discovery obtained by a party in the Part 3 administrative proceeding (FTC Docket No. D09425) before the close of fact discovery in the action before this Court may be used in this action before this Court.

13. Resolving Discovery Disputes.  Before filing a motion to compel or any other motion related to a discovery dispute, the parties are required to schedule and submit to an informal conference with the Court. Such conferences will be conducted by conference call and need not be recorded. A motion to compel or any other motion

10

related to a discovery dispute may only be filed, if needed, after the informal

conference. A motion to compel or any other motion related to a discovery dispute

must include a statement by the movant that the parties have conferred in good faith

in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit,

purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local

Rules of the Western District of North Carolina, the Court expects all parties and

counsel to attempt to resolve discovery disputes in good faith without the necessity of

Court intervention. Nothing in this provision shall waive either party's ability to

argue for exclusion of evidence in a motion *in limine* or any pre-trial brief or post-

trial briefing.

### D.     MOTIONS AND BRIEFING SCHEDULE

1.  Except as ordered here, all motions and memoranda shall be prepared in the form

    described in Judge Bell's standard Pretrial and Case Management Order available on

    the Court's website.

2.  Plaintiff will file its memorandum in support of its motion for a preliminary

    injunction by March 15, 2024.  This brief is not to exceed thirty-five (35) pages.

3.  Defendants will file their opposition to Plaintiff's motion for a preliminary injunction

    by April 5, 2024.  This brief is not to exceed thirty-five (35) pages.

4.  Plaintiff will file its reply memorandum in further support of its motion for a

    preliminary injunction by April 15, 2024.  This brief is not to exceed fifteen (15)

    pages.

5.  The parties' proposed findings of fact and conclusions of law shall be filed on a date

    set by the Court no earlier than ten (10) calendar days after the close of the

presentation of evidence at the evidentiary hearing. Each side's proposed findings of fact and conclusions of law shall not exceed 100 pages.

## E.  PRELIMINARY INJUNCTION EVIDENTIARY HEARING

1. Pursuant to the Court's February 1, 2024 order (Doc. No. 27), an evidentiary hearing will be held on Plaintiff's motion beginning on April 29, 2024, and continuing until concluded. As noted in that earlier Order, the Court will not set any hourly limits on the Parties' presentation of evidence. The Parties are expected to present their evidence efficiently, understanding that this matter is being tried to the Court, which will be well prepared to consider the matter.

2. <u>Hearing Witness Notification.</u>  The parties shall provide to one another, and to the Court and the court reporter, no later than 48 hours in advance, not including weekends and holidays, a list of all witnesses to be called on each day of hearing, subject to possible delays or unforeseen circumstances.

## F.  OTHER MATTERS

1. <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

   a) To the FTC:

   > Nathan Brenner (nbrenner@ftc.gov)
   > Nicolas Stebinger (nstebinger@ftc.gov)
   > Karen Hunt (khunt@ftc.gov)
   > Ryan Maddock (rmaddock@ftc.gov)
   > Jeanne Nichols (jnichols@ftc.gov)
   > Karthik Pasupula (kpasupula@ftc.gov)
   > Afraa Syed (asyed@ftc.gov)

12

Qwai-Zia Pennix (qpennix@ftc.gov)
Teresa Martin (tmartin@ftc.gov)

b) To Novant:

Heidi Hubbard (hhubbard@wc.com)
Beth Stewart (bstewart@wc.com)
CJ Pruski (cpruski@wc.com)
Liat Rome (lrome@wc.com)
Kaitlin Beach (kbeach@wc.com)
Altumash Mufti (amufti@wc.com)
Brian Cromwell (briancromwell@parkerpoe.com)
Caroline Barrineau (carolinebarrineau@parkerpoe.com)

c) To CHS:

Michael Perry (mjperry@gibsondunn.com)
Jamie France (jfrance@gibsondunn.com)
Scott Hvidt (shvidt@gibsondunn.com)
Thomas Tyson (ttyson@gibsondunn.com)
Logan Billman (lbillman@gibsondunn.com)
Connie Lee (clee2@gibsondunn.com)
Connor Leydecker (cleydecker@gibsondunn.com)
David Lam (dlam@gibsondunn.com)
Adam Doerr (adoerr@robinsonbradshaw.com)
Kevin Crandall (kcrandall@robinsonbradshaw.com)

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Answer.</u> Defendants shall answer the complaint by February 8, 2024.

3. <u>Nationwide Service of Process.</u> Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed

13

nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

4. <u>Party and Third-Party Confidential Information</u>. The Interim Protective Order, entered by this Court on February 5, 2024, shall govern discovery and production of Confidential Information unless and until superseded by future order. Any Party serving discovery requests, notices, or subpoenas sent to a third-party shall provide the third-party with a copy of the Protective Order.

5. <u>Privilege Logs</u>. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action. None of the parties must preserve, log, or produce in discovery the following categories of documents:

    a) Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

    b) Documents or communications sent between in-house counsel (acting in a purely legal capacity) and any party employees or agents related solely to the provision of legal advice, or between in-house counsel (acting in a purely

14

legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel);

c) Documents or communications sent solely within the FTC (including persons employed by or acting on behalf of the FTC);

d) Documents or communications sent between the FTC and state, local, or federal governmental agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; and

e) Materials exempted from disclosure under the Expert Materials provisions of Section C(9)(a) of this Order.

6. <u>Exhibit Lists.</u> The parties shall exchange exhibit lists on or before April 10, 2024. Objections shall be exchanged on or before April 17, 2024.

7. <u>*In Camera* Designation</u>. Parties and third parties shall submit any requests for *in camera* treatment of demonstratives and/or exhibits by the date listed in Schedule A. Each party and third party is responsible for requesting *in camera* treatment of its own confidential materials and information regardless of which side's exhibit list the materials or information appear on. Requests for *in camera* treatment shall be made in the form of a motion to the Court not to exceed twenty (20) pages.

8. <u>Inadvertent Production of Privileged Material.</u> In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the

15

inadvertently produced material, provided that the producing party notifies the receiving party within 4 business days of learning of the inadvertent production. When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems. Within five (5) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents. A party may move the Court for an order compelling production of the material, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

9. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI").

   a)  All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

   b)  All parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

16

c) All parties will request ESI in the form or forms that facilitate efficient review of ESI. In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation. PDFs will be produced as colored copies when specifically requested within 48 hours, upon receiving a reasonable request.

10. <u>Modification of Scheduling and Case Management Order.</u> Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert deadlines by mutual agreement. The deadline for motions and the submission of memoranda shall not be moved without the Court's permission. Any such modifications must be in writing.

11. <u>Magistrate Consent.</u> The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636.

12. <u>Jury Trial.</u> The case is not to be tried by a jury.

13. <u>Reservation of Rights.</u> Nothing in this Civil Case Management and Scheduling Order shall limit the parties' ability to object to, move to quash, or otherwise challenge any request for discovery or deposition notice under the Federal Rules of Civil Procedure.

## II. AREAS OF DISAGREEMENT

The Court resolves the items on which the parties reached an impasse as follows:

### A. Fact Discovery Deadline

The Court sets the date for the close of fact discovery to March 14, 2024. This compromise between the parties' proposed dates of March 5, 2024 and March 27, 2024, together with an expansion of the briefing schedule allows Defendants a longer discovery period, but also ends discovery prior to the filing of Plaintiff's initial memorandum of law.

### B. Party Discovery

Party and Third-Party Document Requests. Each side shall be limited to twelve (12) requests, inclusive of subparts, for production of documents to each party, and ten (10) document requests per third-party subpoena.

Interrogatories. Each side shall serve no more than ten (10) interrogatories, inclusive of subparts, on each party. Plaintiff is directed to focus its interrogatories on matters directly relevant to the preliminary injunction hearing and, to the extent practicable, avoid duplication of prior discovery.

### C. Witness Lists

Exchange of Lists of Witnesses to Appear at Hearing

a) *Preliminary Fact Witness Lists.* The parties shall exchange preliminary fact witness lists (to include all potential party and third-party fact witnesses, excluding expert witnesses) no later than 5:00 p.m. Eastern time on February 16, 2024. Lists shall be limited to natural persons or, if unknown for a third-party entity, a corporate representative of a specific entity. The lists shall summarize the general topics of each witness's anticipated testimony, include the name of the employer of and contact information for each witness, to the extent

18

known, and for any third-party witnesses, include a description of the responsibilities of the third-party witness. Preliminary fact witness lists shall be limited to twenty (20) total witnesses per side, excluding expert witnesses.

b) *Supplemental Witness Lists.* The parties may supplement their preliminary fact witness list with up to five (5) additional third-party fact witnesses by 6:00 p.m. Eastern Time on March 8, 2024. A witness may be listed on the Supplemental witness lists even if the witness did not appear on a side's preliminary fact witness list, but all named witnesses must have timely provided a declaration or affidavit, sat for an investigational hearing in the FTC's pre-complaint investigation of the proposed acquisition (FTC. File No. 231-0068) or be reasonably able to be deposed prior to the end of the discovery period (or with the parties' agreement after that date).

c) *Final Witness Lists.* Final witness lists shall be exchanged on or before 5:00 p.m. Eastern time on April 11, 2024. Final witness lists shall be limited to eighteen (18) per side, which shall include any witnesses one side may call live or present via deposition video, including expert witnesses. Final witness lists shall include only witnesses who appear on a side's preliminary or supplemental fact witness list, timely provided a declaration or affidavit, have otherwise been deposed or sat for an investigational hearing, have served an expert report or who the parties agree may be included. For good cause, a party may move the Court to be permitted to include a witness on the final witness list who does not meet any of the criteria listed above, but who a party reasonably learned has important evidence for the first time following the delivery of its supplemental witness list and can be deposed prior to the evidentiary hearing without substantial prejudice to another party. Final witness lists shall include for each witness: (a) an indication of whether the witness will offer expert testimony; and (b) a summary

19

of the general topics of each witness's anticipated testimony.  The final witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it will present at the evidentiary hearing, other than solely for impeachment.  Additional fact witnesses may be added to the final witness list after the date for the exchange of final witness lists only by agreement of the parties or with leave of the Court for good cause shown.

### D.  Deposition Time Allocation

The parties disagree on the allocation of time for depositions.  The Court will, therefore, not set any rigid limit on the time a witness may be deposed. All depositions, including fact and expert witnesses, as well as 30(b)(6) depositions, will be presumptively set to last no more than seven (7) hours on the record, but with the opportunity for any party to extend the time of the deposition as it deems necessary (but no party may depose a witness for more than 7 hours). The parties are expected to act in good faith to limit their questioning to relevant inquiries and fairly use their time to timely complete the deposition and avoid burdening the witness or counsel. To the extent a party takes improper advantage of this flexibility the Court will not hesitate to, upon motion, award costs and attorneys' fees or otherwise sanction improper conduct.   Unless otherwise agreed or with leave of the Court upon a showing of good cause, each side shall have the opportunity to depose each fact or expert witness only one (1) time.  Any party may take a deposition remotely.  The parties will negotiate a deposition protocol to govern remote depositions, if necessary.

### E.  Evidentiary Presumptions

The Court declines to enter any "evidentiary presumptions" in this Case Management Order.  While the Court expects the parties to reasonably agree on the authenticity and admissibility of documents where possible, the Court will not at this time decide any substantive

evidentiary questions related to hearsay or the extent to which the Court may properly consider evidence from the Part 3 administrative proceeding relating to Novant's acquisition of CHS assets (FTC Docket No. D09425), or in the course of the FTC's pre-complaint investigation of the proposed acquisition (FTC. File No. 231-0068) or any other prior FTC investigation. Rather, the Court will consider evidentiary issues in motions in limine or at the hearing, as it deems appropriate.

### F.  Use of Declarations, Letters of Support, or Affidavits

Limitations on Declarations or Letters.   No declarations, letters of support, or affidavits, other than declarations relating solely to authenticity and admissibility of documents, will be admitted unless a fair opportunity was available to depose the signatory subsequent to serving the declaration, letter of support, or affidavit on the other side, unless otherwise agreed by the parties or permitted by the Court for good cause shown.  However, the Court declines to set a specific date for the service of such documents prior to the end of the discovery period. With respect to noticed depositions, declarations or other statements by the deponent must be produced to all parties no later than 24 hours prior to the deposition.

### G.  Whether The Court Should Limit The Number of Motions *In Limine* That May Be Filed By Either Party

The parties disagree on whether there should be limits on the number of motions *in limine* that they may file.  The Court declines to set a limit on the filing of motions in limine, yet notes that the parties should be mindful that the case is being tried to the Court, which can more easily determine the proper scope and weight of evidence at the hearing than in a jury trial. However, briefs in support of and in opposition to all motions in limine will be limited to 10 pages.

SO ORDERED.

Signed: February 12, 2024

Kenneth D. Bell
United States District Judge

22