IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00028-KDB-SCR

FEDERAL TRADE COMMISSION,

       *Plaintiff,*

v.

NOVANT HEALTH, INC.

And

COMMUNITY HEALTH SYSTEMS, INC.,

       *Defendants.*

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AMENDED PROTECTIVE ORDER, AS TO WHICH PLAINTIFF FEDERAL TRADE COMMISSION HAS NO OPPOSITION**

  Defendants Novant Health, Inc. ("Novant") and Community Health Systems, Inc. ("CHS") respectfully move for an amended, non-interim protective order pursuant to Fed. R. Civ. P. 26(c), in the form attached to Defendants' motion as Exhibit 1 (the "Amended Order"), to achieve necessary access for certain in-house counsel to prepare for the defense of this litigation and to preserve the purported confidentiality of materials disclosed by Plaintiff Federal Trade Commission ("FTC") and others in this action.

  As the Court will recall, at the time the parties jointly sought the existing Interim Protective Order ("the Interim Order") (ECF No. 29), they advised the court of Defendants' intention to seek an amended order permitting "access to nonparty confidential material by in-house counsel . . . ." ECF No. 28 at 2. Defendants propose this amendment because the existing Interim Order has proven unworkable, overly restrictive and impairs Defendants' ability to

1

adequately litigate this action. Under the Interim Order, virtually everything that the FTC has produced from its investigative file has been designated confidential and therefore cannot be shared with in-house counsel. Interim Order ¶ 7. Outside counsel are accordingly prevented from discussing certain basic facts with their clients, such as the identity of third-parties who provided investigative hearing testimony. The proposed Amended Order makes two alterations to the Interim Order, in that it (i) permits two in-house counsel for each Defendant[1] to access Confidential Material on restrictive terms; and (ii) permits parties and third-parties an opportunity to designate genuinely sensitive material as Highly Confidential-Attorneys' Eyes Only Material. *See* Mot. Ex. 1 ¶¶ 7–9.

Out of an abundance of caution in order to provide any third-parties who may object to the Amended Order an opportunity to be heard, Defendants and the FTC jointly request that the proposed Amended Order not be entered until March 1, 2024 (three days after this motion is filed and provided to third-parties).[2] While neither Plaintiff nor Defendants currently are aware of any imminent objections, this period will give third-parties a final opportunity to be heard.

District courts have inherent power and discretionary authority to modify protective orders. *E.I. DuPont De Nemours & Co. v. Kolon Indus.*, 479 F. App'x. 483, 485–86 (4th Cir.

---

[1] Novant seeks access for Kelli Ferry and Vida Harvey, and CHS seeks access for Russell Baldwin and Meg Casey. The in-house attorneys who require access to Confidential Material will: (1) certify that they have responsibilities for the above-captioned action; (2) access material designated under the protective order only for the purpose of defending against this action; and (3) bind themselves to the protective order. *See* Mot. Ex. 1 ¶ 7(j). Furthermore, under the proposed protective order, in-house counsel access will be revocable for good cause shown and the Parties will promptly report any suspected unauthorized use of protected material. *Id.* And to the extent any discovery material reflects "highly confidential," as opposed to merely "confidential" material, third-parties may seek additional protection under the proposed protective order (or Federal Rule of Civil Procedure 26(c)). *See* Mot. Ex. 1 ¶ 7.

[2] The FTC has represented it will notify potentially relevant third-parties of this motion once it is filed.

2012).  The Court may exercise its authority for reasons including to "level the playing field and enable full, fair, and efficient consideration of issues . . . ." *Id.* at 486 (citation omitted).  With respect to in-house counsel access under a protective order, the party resisting disclosure has the burden of proving the competitive harm it would suffer as a result of disclosure, and must make a "particular and specific demonstration of fact" in support of its position.  *Bioconvergence LLC v. Emergent Biosolutions, Inc.*, No. 1:21-CV-01959-CCB, 2023 WL 3866411, at *2 (D. Md. June 7, 2023) (citation omitted).  The existence of outside counsel does not eliminate the need for client input, and the complexity of this litigation underscores the need for in-house counsel to coordinate and direct the activities of outside counsel.  *See, e.g.*, *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 774 (D. Md. 2003) ("That MedImmune has hired other retained lawyers to also represent it does not mean that Olstein's participation is not important to MedImmune.").

The proposed protective order adequately limits disclosure of protected material and provides for widely accepted safeguards for third-party material.  *See e.g.*, *FTC v. Thomas Jefferson University*, No. 2:20-cv-01113 (E.D. Pa. Apr. 17, 2020), ECF No. 55, Protective Order § 10 (permitting disclosure of confidential information to "counsel for the parties and employees of counsel who have responsibility for this action."); *FTC v. Shire Viropharma Inc.*, No. 1:17-cv-00131 (D. Del. Aug. 3, 2017), ECF No. 27, Protective Order § 3(b) (permitting disclosure of confidential information to all "in-house counsel actively involved in the prosecution or defense of this Litigation.").

Defendants thus respectfully request that the Court enter the proposed protective order on March 1, 2024.

Dated: February 27, 2024                             Respectfully Submitted,

/s/ Heidi K. Hubbard
Heidi K. Hubbard (admitted *pro hac vice*)
Jonathan B. Pitt
Beth A. Stewart
Carol J. Pruski
J. Liat Rome
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000
Email: hhubbard@wc.com
Email: jpitt@wc.com
Email: bstewart@wc.com
Email: cpruski@wc.com
Email: lrome@wc.com


Brian S. Cromwell (N.C. Bar No. 23488)
Caroline B. Barrineau (N.C. Bar No. 51571)
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon Street, Suite 800
Charlotte, NC 28202
Tel: (704) 372-9000
Fax: (704) 334-4706
Email: briancromwell@parkerpoe.com
Email: carolinebarrineau@parkerpoe.com

*Counsel for Defendant Novant Health, Inc.*

/s/ Michael J. Perry
Michael J. Perry (admitted *pro hac vice*)
Jamie E. France (pro hac vice forthcoming)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 887-3558
Email: mjperry@gibsondunn.com
Email: jfrance@gibsondunn.com

Adam K. Doerr (N.C. Bar No. 37807)

4

Kevin R. Crandall (N.C. Bar No. 50643)
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St. #1900
Charlotte, North Carolina 28246
Tel: (704) 377-8114
Email: adoerr@robinsonbradshaw.com
Email: kcrandall@robinsonbradshaw.com

*Counsel for Defendant Community Health Systems, Inc.*