# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:24-cv-00028-KDB-SCR

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>NOVANT HEALTH, INC.<br><br>and<br><br>COMMUNITY HEALTH SYSTEMS, INC.,<br><br>*Defendants.* | **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CONSITITUTIONAL AFFIRMATIVE DEFENSES** |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CONSTITUTIONAL AFFIRMATIVE DEFENSES

Plaintiff Federal Trade Commission ("FTC") respectfully moves under Federal Rule of Civil Procedure 12(f) to strike constitutional affirmative defenses that Defendants Novant Health Inc. ("Novant") and Community Health Systems, Inc. ("CHS") (collectively, "Defendants") have asserted in their Answers. As described below, Defendants raise constitutional challenges to the FTC's process and powers that are "immaterial" and "impertinent" to the narrow inquiry that this Court must undertake in evaluating an FTC claim for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act; indeed, the only courts that have ruled on this issue have concluded that these constitutional defenses are not part of the court's inquiry in a suit under Section 13(b) and should be stricken from the complaint. *See FTC v. IQVIA Holdings Inc.*, No. 23-cv-06188, 2023 WL 7152577, at *8 (S.D.N.Y. Oct. 31, 2023); *FTC v. Meta Platforms, Inc.*, No. 22-cv-04325, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022). The FTC respectfully

i.

requests that the Court follow the weight of authority and strike Defendants' constitutional affirmative defenses so that discovery, briefing, and the preliminary injunction hearing are focused on the antitrust merits of the transaction and the FTC's likelihood of success in the FTC's underlying administrative proceeding.

The parties conferred and attempted in good faith to resolve areas of disagreement pursuant to Local Rule 7.1(b).

## I. BACKGROUND

The FTC brought this action to preserve the status quo while it adjudicates in its administrative court whether Novant's proposed acquisition of Lake Norman Regional Medical Center ("Lake Norman Regional") and Davis Regional Medical Center ("Davis") violates the antitrust laws. Compl. (Dkt. 1) at 1-2. On February 28, 2023, Novant and CHS executed an Asset Purchase Agreement, pursuant to which Novant agreed to acquire Lake Norman Regional, Davis, and related assets from CHS in North Carolina. *Id.* at 8-9. On January 25, 2024, the FTC filed a Complaint for a Preliminary Injunction, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), to restrain Defendants from completing the proposed acquisition until the FTC's administrative adjudication on the merits is completed. *Id.*

On February 8, 2024, Novant and CHS filed their respective Answers and Defenses, which contain many identical affirmative defenses. CHS Answers and Defenses (Dkt. 46); Novant Answers and Defenses (Dkt. 45). The following affirmative defenses are relevant to this Motion:

o <u>CHS's Twelfth Defense and Novant's Eleventh Defense</u>: The FTC's administrative proceedings are invalid because the structure of the Commission as an independent agency that wields executive power while limiting the ability of the head of the executive branch to remove the Commissioners and Administrative Law Judge violates Article II of the [United States] Constitution and the doctrine of separation of powers.

- CHS's Thirteenth Defense and Novant's Twelfth Defense: The FTC's administrative proceedings are invalid because adjudication of the Commission's Complaint by an Administrative Law Judge and the Commission itself violates Article III of the [United States] Constitution and the doctrine of separation of powers.

- CHS's Fourteenth Defense and Novant's Thirteenth Defense: The Commission's procedures and its administrative proceedings violate [Defendants'] right to due process under the Due Process Clause of the Fifth Amendment.

- CHS's Fifteenth Defense and Novant's Fourteenth Defense: The Commission's procedures give unfettered discretion to the FTC to arbitrarily subject [Defendants] to administrative proceedings in addition to, or in lieu of, proceedings before an Article III judge in violation of [Defendants'] right to Equal Protection under the Fifth Amendment and the non-delegation doctrine.

## II. ARGUMENT

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While the Fourth Circuit has cautioned that Rule 12(f) motions are generally viewed with disfavor, it has also held that "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

A Rule 12(f) motion to strike may be appropriate "to avoid the waste of time and money that arises from litigating unnecessary issues." *United States v. $16,761 in United States Currency*, No. 21-CV-00053-KDB-DCK, 2021 WL 4314460, at *2 (W.D.N.C. Sept. 22, 2021). Portions of a pleading may be immaterial, and thus stricken, if they "can have no possible bearing upon the

subject matter of the litigation." *Billips v. NC Benco Steel, Inc.*, No. 10-cv-00095-V, 2011 WL 4829401, at *1 (W.D.N.C. Oct. 12, 2011) (quoting *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs.*, 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001)). The FTC thus moves under Rule 12(f) to strike certain of Defendants' affirmative defenses that are insufficiently pled or entirely irrelevant to the FTC's claims as a matter of law.

### A. Defendants' Constitutional Affirmative Defenses Are Immaterial and Impertinent.

Defendants assert multiple affirmative defenses raising constitutional challenges to the FTC's process and powers. *See* CHS Answers and Defenses (Dkt. 46) at 16-19 (Twelfth, Thirteenth, Fourteenth, and Fifteenth Defenses); Novant Answers and Defenses (Dkt. 45) at 21-23 (Eleventh, Twelfth, Thirteenth, and Fourteenth Defenses). These defenses are irrelevant to this Court's determination of the FTC's request for preliminary injunctive relief under Section 13(b) of the Federal Trade Commission Act—the only claim asserted by any party in this litigation—and thus "can have no possible bearing upon the subject matter of the litigation." *Billips*, 2011 WL 4829401, at *1.

Section 13(b) permits the FTC to seek in federal district court a preliminary injunction to preserve the status quo pending merits proceedings before the Commission. *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 352 (3d Cir. 2016). Courts have recognized that the scope of a Section 13(b) inquiry is narrow. *See e.g.*, *FTC v. Consumer Defense, LLC*, 926 F.3d 1208, 1212-14 (9th Cir. 2019) (concluding that unlike a motion for a preliminary injunction under Fed. R. Civ. P. 65, Section 13(b) "essentially incorporated a presumption of irreparable injury"); *FTC v. Weyerhaeuser*, 665 F.2d 1072, 1082 (D.C. Cir. 1981) (Section 13(b) "case law lightened the agency's burden by eliminating the need to show irreparable harm."). "The district court is not authorized to determine whether the antitrust laws have been or are about to be violated" because "[t]hat adjudicatory function is vested in FTC in the first instance." *FTC v. Food Town Stores,*

*Inc.*, 539 F.2d 1339, 1342 (4th Cir. 1976); *see also FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714 (D.C. Cir. 2001). "The only purpose of a proceeding under [Section] 13 is to preserve the status quo until FTC can perform its function" by evaluating the transaction in the FTC's administrative proceeding. *Food Town*, 539 F.2d at 1342.

To determine if a preliminary injunction should be granted under Section 13(b), courts engage in a two-prong analysis. First, the district court must determine whether the FTC has "a fair and tenable chance of ultimate success on the merits." *In re Sanctuary Belize Litig.*, 409 F. Supp. 3d 380, 396 (D. Md. 2019), *aff'd sub nom. FTC v. Pukke*, 795 F. App'x 184 (4th Cir. 2020); *accord FTC v. IQVIA Holdings Inc.*, __ F. Supp. 3d __, No. 23 CIV. 06188 (ER), 2024 WL 81232, at *8 (S.D.N.Y. Jan. 8, 2024). As courts have explained, this inquiry focuses on the antitrust merits of the case and the FTC's likelihood of success in the underlying administrative proceedings adjudicating the legality of the deal. *See Meta*, 2022 WL 16637996, at *5-6 (collecting cases). At this stage, the FTC "does not need detailed evidence of anticompetitive effect," but rather "just has to raise substantial doubts about a transaction." *FTC v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1035-36 (D.C. Cir. 2008); *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1164 (9th Cir. 1984) (reasoning that in a 13(b) inquiry, courts "do not resolve the conflicts in the evidence, compare concentration ratios and effects on competition in other cases, or undertake an extensive analysis of the antitrust issues").

Second, the district court must balance the equities. "The equities to be weighed are not . . . the usual equities in private litigation," but rather public equities that bear on the "public interest" standard. *Food Town*, 539 F.2d at 1343; *accord FTC v. ProMedica Health Sys., Inc.*, No. 11-cv47, 2011 WL 1219281, at *60 (N.D. Ohio Mar. 29, 2011) ("Private equities are not proper considerations for granting or withholding injunctive relief under section 13(b)—instead, public

equities are paramount." (quotation marks omitted)). Indeed, private interests carry "little weight" so as not to "undermine section 13(b)'s purpose of protecting the 'public-at-large, rather than individual private competitors.'" *FTC v. Univ. Health, Inc.*, 938 F.2d 1206, 1225 (11th Cir. 1991) (quoting *FTC v. Nat'l Tea Co.*, 603 F.2d 694, 697 n.4 (8th Cir. 1979)); *see also Sanctuary Belize*, 409 F. Supp. 3d at 398 ("Indeed, the Fourth Circuit has suggested that any potential private injuries that may be caused by granting a motion for preliminary injunction are not proper considerations for granting or withholding injunctive relief under Section 13(b).") (quotation marks omitted).

Here, Defendants' constitutional affirmative defenses are not relevant to either prong of the Section 13(b) analysis, and thus have "no possible bearing upon the subject matter of the litigation." *Billips*, 2011 WL 4829401, at *1. Indeed, courts that have reached a decision on this same issue have struck constitutional affirmative defenses asserted against the FTC on the agency's process and powers as impertinent and irrelevant. *See IQVIA*, 2023 WL 7152577, at *8 ("The Court concludes that the constitutional defenses are not material to either prong—the FTC's likelihood of success or the weighing of the equities—of the section 13(b) inquiry. As a result, the defenses are legally insufficient bases for precluding the FTC from prevailing on its claims.") (cleaned up); *Meta*, 2022 WL 16637996, at *7 (striking similar constitutional defenses because they were "immaterial" and "impertinent" to an FTC action for a preliminary injunction under Section 13(b)).[1]

---

[1] Although the substantive merits of these constitutional challenges are not properly considered at this stage of litigation, courts have consistently rejected such arguments in other procedural postures, outside of the context of Section 13(b). *See, e.g.*, *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1046-1047 (5th Cir 2023) (after an administrative trial, and outside of the context of a Section 13(b) request for preliminary injunction, rejecting various constitutional challenges as "foreclosed by Supreme Court authority"); *FTC v. Syngenta Crop Prot. AG*, No. 22-CV-828,

In both *IQVIA* and *Meta*, as here, the FTC sued under Section 13(b) to preliminarily enjoin proposed acquisitions. *IQVIA*, 2023 WL 7152577, at *1; *Meta*, 2022 WL 16637996, at *1. In response, the defendants in both cases pled various affirmative defenses, including (like Defendants here) constitutional defenses arising out of the Fifth Amendment, Article II, and Article III. *IQVIA*, 2023 WL 7152577, at *1-2; *Meta*, 2022 WL 16637996, at *7. The courts struck all the challenged affirmative defenses.

Following an extensive survey of the case law applying Section 13(b), the courts in *Meta* and *IQVIA* concluded that "ultimate success" under the first prong of the Section 13(b) analysis referred to "the likelihood of the FTC's success on the merits in the underlying administrative proceedings, as opposed to success following a Commission hearing, the development of an administrative record, and appeal before an unspecified Court of Appeals." *Meta,* 2022 WL 16637996, at *6; *see also IQVIA*, 2023 WL 7152577, at *3 ("The overwhelming weight of the case law indicates that the relevant metric of 'success' concerns the antitrust merits in the underlying proceedings."). Because the 13(b) inquiry is limited to the antitrust merits, both courts held that the defendants' constitutional challenges were not relevant to assess the FTC's ultimate likelihood of success in the administrative proceeding. *Meta,* 2022 WL 16637996, at *6-7; *IQVIA*, 2023 WL 7152577, at *6.

Both courts also held that the defendants' constitutional challenges were equally irrelevant to weighing the equities under the second prong of the Section 13(b) analysis, which considers "a narrower set of equities." *See IQVIA*, 2023 WL 7152577, at *7 ("[N]either public nor private equities are implicated by Defendants' constitutional defenses."); *see also Meta,* 2022 WL

---

2024 WL 149552, at *25-28 (M.D.N.C. Jan. 12, 2024) (denying defendants' motion to dismiss that had been based, in part, on a constitutional challenge to the FTC's authority).

16637996, at *6-7 (reaching the same conclusion). The same is true of the constitutional affirmative defenses in this case, which, likewise, challenge the FTC's process and powers.

Like the *IQVIA* and *Meta* courts, this Court should strike Defendants' constitutional defenses. Just like the previous matters, this is an FTC suit for preliminary injunctive relief under Section 13(b) of the Federal Trade Commission Act. As courts have repeatedly held, the Section 13(b) inquiry is strictly focused on the antitrust merits; alleged procedural issues (even of a constitutional dimension) relating to the underlying administrative process are outside the scope of issues necessary to decide whether to grant a preliminary injunction. *See Food Town*, 539 F.2d at 1342. This Court should thus strike Defendants' constitutional affirmatives defenses because they "have no possible bearing upon the subject matter of the litigation." *Billips*, 2011 WL 4829401, at *1

**B. The FTC Will Suffer Prejudice If This Court Does Not Strike Defendants' Defenses**

The FTC will face significant prejudice from proceeding with an evaluation of Defendants' constitutional defenses as part of the Section 13(b) inquiry, for which this Court has set an evidentiary hearing two months from now.[2] These defenses would seek to render the FTC's administrative processes unconstitutional and thwart not only the agency's ability to enforce the antitrust laws, but also the agency's actions to protect vulnerable consumers from scammers, false advertising, and data breaches as part of the agency's consumer protection efforts. *See IQVIA*, 2023 WL 7152577, at *8 (describing similar constitutional challenges as "fundamental, even existential," and noting that while the expedited schedule of a preliminary injunction may be

---

[2] Rule 12(f) requires a party to file a motion to strike either before responding to the pleading in question "or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). But even if the Rules did not have this requirement, this Motion would be ripe because of the prejudice that the FTC will suffer if these issues are not decided until later in these proceedings.

warranted to address the antitrust merits, "it makes little sense to subject a decision on the constitutionality of the FTC to the same fast-tracked timetable").

These defenses could also affect other federal agencies that rely on administrative proceedings to protect and serve the public. For this reason, any constitutional challenges against the agency must be dismissed or evaluated as part of a separate action or counterclaims, and only following robust, focused briefing and argument and possible participation by the Department of Justice—as the Federal Trade Commission Act and Federal Rules contemplate. *See* 15 U.S.C. § 56(a) (requiring the FTC, before defending a civil action, to provide "written notification and undertake[] to consult" with the Department of Justice, which has "45 days after receipt of such notification to commence, defend, or intervene in, such action"); Fed. R. Civ. P. 12(a)(2) (providing the United States with 60 days following service on the United States Attorney to answer claims against a United States agency). Defendants should not be able to circumvent these requirements by shoehorning their far-reaching constitutional arguments into impermissible affirmative defenses, especially given the accelerated schedule in these proceedings and the sweeping potential implication of their arguments.

### III. CONCLUSION

For the reasons above, this Court should strike Defendants' constitutional affirmative defenses with prejudice.

Dated:  February 29, 2024			Respectfully submitted,


			*/s/ Nathan Brenner*
			Nathan Brenner (IL Bar No. 6317564)
			Federal Trade Commission
			600 Pennsylvania Avenue
			Washington, DC 20580
			Tel.: (202) 326-2314
			Email: nbrenner@ftc.gov

			*Attorney for Plaintiff Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel on February 29, 2024, by email and/or CM-ECF:

| | |
|---|---|
| Heidi Hubbard | Michael Perry |
| Beth Stewart | Jamie France |
| CJ Pruski | Scott Hvidt |
| Liat Rome | Thomas Tyson |
| Kaitlin Beach | Logan Billman |
| Altumash Mufti | Connie Lee |
| Williams & Connolly LLP | Connor Leydecker |
| 680 Maine Avenue, SW | David Lam |
| Washington, DC 20024 | Gibson, Dunn & Crutcher LLP |
| Tel.: (202) 434-5451 | 1050 Connecticut Avenue, NW |
| hhubbard@wc.com | Washington, DC 20036 |
| bstewart@wc.com | Tel: (202) 887-3558 |
| cpruski@wc.com | mjperry@gibsondunn.com |
| lrome@wc.com | jfrance@gibsondunn.com |
| kbeach@wc.com | shvidt@gibsondunn.com |
| amufti@wc.com | ttyson@gibsondunn.com |
| | lbillman@gibsondunn.com |
| | clee2@gibsondunn.com |
| Brian S. Cromwell | cleydecker@gibsondunn.com |
| Caroline B. Barrineau | dlam@gibsondunn.com |
| Parker Poe Adams & Bernstein LLP | |
| Bank of America Tower | |
| 620 S. Tryon Street, Suite 800 | Adam K. Doerr |
| Charlotte, NC 28202 | Kevin R. Crandall |
| Tel: (704) 372-9000 | Robinson, Bradshaw & Hinson, P.A. |
| Fax: (704) 334-4706 | 101 N. Tryon St. #1900 |
| Briancromwell@parkerpoe.com | Charlotte, North Carolina 28246 |
| Carolinebarrineau@parkerpoe.com | Tel: (704) 377-8114 |
| | adoerr@robinsonbradshaw.com |
| *Counsel for Defendant Novant Health, Inc.* | kcrandall@robinsonbradshaw.com |
| | |
| | *Counsel for Defendant Community Health Systems, Inc.* |

Respectfully submitted,

*/s/ Nathan Brenner*
Nathan Brenner (IL Bar No. 6317564)
Federal Trade Commission
600 Pennsylvania Avenue
Washington, DC 20580
Tel.: (202) 326-2314
Email: nbrenner@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*