IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00028-KDB-SCR

FEDERAL TRADE COMMISSION,

                      *Plaintiff,*

v.

NOVANT HEALTH, INC.

and

COMMUNITY HEALTH SYSTEMS, INC.,

                      *Defendants.*

## ATRIUM HEALTH, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AMENDED PROTECTIVE ORDER

Defendants' Motion for an Amended Protective Order should be denied. Atrium Health, Inc. ("Atrium") is a non-party and direct competitor of Defendants, that produced competitively sensitive documents and testimony as part of the compulsory process related to the Federal Trade Commission's ("Commission") investigation in this action. Atrium has also received document and deposition subpoenas from Defendants in this litigation that requested highly sensitive material. The Interim Protective Order entered in this case, drawn from the standard Protective Order issued by the Commission in accordance with Rule 3.31(d) of the Commission's Rules of Practice and entered in the ordinary course in every Commission action, is sufficient to protect the confidential and highly competitively sensitive information present in this action - as it has in hundreds of other Commission challenges. First, Defendants have not demonstrated a special

1

need or unusual circumstance requiring an amendment to the current protective order, which is based on the standard provisions used in Commission challenges across the country. Second, third parties—including Atrium—have reasonably relied on the current Protective Order, and the related Commission rules and policies regarding its standard protective order, to comply with the compulsory process in this matter. Atrium provided highly competitively sensitive documents and testimony related to this action that could do great business harm if disclosed to employees of Defendants. As such, the proposed amendments to the protective order are inadequate to protect Atrium's sensitive business information. Third, the in-house counsel identified by Defendants who would obtain access to Confidential materials under Defendants' amended protective order appear to be involved in competitive decision-making, including decisions related to mergers and acquisitions, development, strategic partnerships, and investments, and Defendants have not represented that these in-house counsel have no responsibility for, or role in, competitive decision-making. Allowing competitor employees to access competitively sensitive information would contravene the very intent and purpose of protective orders.[1]

Atrium respectfully requests that this Court deny Defendants' Motion for an Amended Protective Order. In the alternative, Atrium requests that the Court strike Defendants' proposed provision that "material more than 3 years old at the time of production is presumptively not entitled to protection as Highly Confidential-Outside Attorneys' Eyes Only Material," D.I. 55-1

---

[1] Further, contrary to Defendants' assertion that it was unaware of any objections to its proposed amendment, counsel for Atrium served responses to Novant's *subpoena duces tecum* on February 14 stating that Atrium would "only pursuant to the Interim Protective Order entered by the District Court on February 5, 2024 (the "Protective Order"), or any future Protective Order entered by the court with the same or more stringent confidentiality protections" and explicitly advised outside counsel for Novant during a meet and confer on February 15 that Atrium would oppose any alteration of the Interim Protective Order that substantively changed the protections for confidential information, well before Defendants filed their Motion on February 27.

2

at 2, and restrict Defendants' ability to challenge third party material designated as Highly Confidential-Outside Attorneys' Eyes Only Material by modifying the statement in Paragraph 7 to read: "Any Party or nonparty may challenge designation of Protected Material at any time, except for material designated by a third party, when it has a good faith basis for believing it is inaccurately designated, at which point the designating party must make allege specific facts supporting Highly Confidential-Outside Attorneys' Eyes Only treatment supported by sworn affidavit or declaration within five calendar days."  D.I. 55-1 at 6 (proposed edit emphasized).

## BACKGROUND

Atrium is a nationally recognized, fully integrated healthcare provider that is a direct competitor of Defendants in North Carolina.  During the Commission's investigation into Defendants' transaction, Atrium received compulsory process and complied by producing and testifying to competitively sensitive information, including but not limited to confidential strategic planning documents, including forward looking growth plans, confidential capital budget plans, pricing plans and data, analyses of competitors and competition, information regarding confidential negotiations and negotiation strategy, cost information, and other highly sensitive business information.  Atrium provided that competitively sensitive information while reasonably relying on the protections included in the applicable protective order, which substantively aligned with the Interim Protective Order in this litigation.  Issuance of that standard protective order was mandatory per Commission rules.  *In re McWane, Inc.*, 2012 WL 3518638, at *2 (F.T.C. Aug. 8, 2012); *see also* 16 C.F.R. 3.31(d), Appx. A ("In order to protect the parties and third parties against improper use and disclosure of confidential information, the Administrative Law Judge shall issue a protective order as set forth in the appendix to this section.") (emphasis added).

After the Commission filed its complaint in this litigation, Novant Health, Inc. ("Novant") served Atrium with both a *subpoena duces tecum* and a deposition subpoena on February 9, 2024 and February 15, 2024 respectively, which the Commission counter-noticed. Critically, Novant's subpoenas include requests and topics that target highly competitively sensitive information, including related to strategic planning, business strategy and goals, profitability and projections, financial statements, confidential payor negotiations and contracts, considered or proposed contractual terms, extensive discharge and payor data, and documents and communications related to a completely separate investigation and lawsuit brought against Atrium by the Department of Justice nearly a decade ago. Novant requests all of this information going back at least five years to January 1, 2019, and in some instances to January 1, 2018. At the same time Defendants attempt to strip Atrium's ability to protect that information by modifying the protective order.

**ARGUMENT**

**I.      Defendants are not materially harmed by the Interim Protective Order.**

The Interim Protective Order entered in this litigation, which is substantively identical to the standard protective order issued by the Commission in every administrative proceeding since it was adopted over a decade ago, allows Defendants to effectively defend their case without granting in-house counsel access to third party confidential information—as substantively similar protective orders have done for hundreds of other parties since the adoption of the standard protective order. Amendment to existing protective orders is disfavored where the moving party fails to provide good cause for that amendment. *See, e.g., McWane, Inc*., 2012 WL 3518638, at *2 (F.T.C. Aug. 8, 2012) (noting that Respondent failed to "assert any special circumstances that might justify a deviation"); *In re Shering-Plough Corp*., 2001 WL 1478371 (F.T.C. June 20,

4

2001) (denying motion to amend protective order). Defendants fail to distinguish this case from the myriad of other cases where similar protective orders governed the disclosure of confidential information.

Defendants' outside counsel are widely recognized as sophisticated international law firms with significant experience in complex litigation, including cases similar to this litigation. Defendants have provided no specific reason why the current protective order is "unworkable" as they claim, other than outside counsel's desire to discuss the identity of third-parties who provided investigative hearing testimony. D.I. 56 at 1-2. But, Defendants' proposed amendment to the protective order does not merely seek to allow outside counsel to discuss "basic facts" with in-house employees of Atrium's competitors, but rather troves of confidential business information that is protected under the current Interim Protective Order. Defendants' motion fails to explain why its outside counsel is ill-equipped to analyze the confidential information produced by Atrium without disclosure of that information to Atrium's direct competitors. Further, Defendants' motion fails to explain why outside counsel's general desire to discuss "basic facts" with in-house counsel supports the significant changes proposed in the amendments to the Interim Protective Order.

> **II. Atrium reasonably relied on the critical protections set out in the Commission's standard protective order, which are substantively identical to the protections set out in the Interim Protective Order.**

"Nonparties responding to a subpoena have a right to expect that submissions designated by them as 'confidential' will be treated in accordance to the Protective Order provided to them, which followed the standard protective order required by Rule 3.31 *verbatim*." *McWane, Inc.*, 2012 WL 3518638, at *2. Atrium previously produced competitively sensitive information in compliance with the Commission's rules and policies under the standard protective order entered

5

in the administrative action—which is substantively identical to the Interim Protective Order—and elected not to seek further protection or relief under the reasonable expectation that dissemination and disclosure of its information would be protected under the Commission's rules or substantively similar rules or orders.

Defendants' proposed protective order includes multiple provisions aimed at allowing disclosure of Atrium's competitively sensitive information to employees of its competitors—provisions that directly contravene the protections Atrium reasonably relied upon in disclosing and producing sensitive information. For example, Atrium produced forward looking strategic plans and related materials that extend beyond three years, which would cause great competitive harm if disclosed. Defendants' proposed protective order includes a <u>presumption</u> that any materials older than three years at the time of production cannot be designated as Highly Confidential, the only designation that maintains confidentiality from Atrium's competitors. Atrium never would have produced its strategic and competitively sensitive information without directly challenging those terms. Further, even if Atrium designates competitively sensitive information as Highly Confidential in good faith, Defendants' modified protective order provides wide berth for the parties to challenge those designations to allow dissemination to in-house counsel, which was not contemplated under the Interim Protective Order or the preceding standard protective order entered by the Commission. Atrium reasonably relied on the protections substantively afforded by the Interim Protective Order, and has the right to expect its confidential information is protected under those terms.

### III. Defendants' proposed in-house counsel appear to be involved in competitive decision-making.

A request to provide in-house counsel with a competitor's confidential information may "properly be denied in a case 'where in-house counsel are involved in competitive decision

6

making,' a term... defined as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Matsushita Elec. Indus. Co., Ltd. v. Int'l Trade Comm'n*, 929 F.2d 1577, 1579 (Fed. Cir. 1991) (*quoting United States Steel Corp. v. Int'l Trade Comm'n*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)); see also *Schering-Plough Corp*, 2001 WL 1478371, at *1 (identifying in-house counsel's role as a reason to deny access to confidential information). Competitive decision-making includes "business decisions that the client would make regarding, for example, pricing, marketing, or design issues." *FTC v. Sysco Corp*., 83 F. Supp. 3d 1, 3 (D.D.C. 2015) (internal citations and quotation marks omitted). In-house counsel access in such situations is improper whether the information belongs to competitors (creating an unfair advantage in competition) or to customers (creating leverage in negotiations). *United States v. Aetna Inc.*, No. 1:16-cv-01494, 2016 WL 8738420, at *8-9 (D.D.C. Sept. 5, 2016). Courts have found that providing confidential information to in-house attorneys who work on mergers and acquisitions is particularly concerning because information may be inadvertently used when providing advice regarding future mergers. *Aetna*, 2016 WL 8738420, at *7; *Sysco Corp*, 83 F. Supp. 3d at 4.

In *Sysco*, the court found that in-house counsel's involvement in competitive decision-making created a risk that confidential information would inadvertently be used or disclosed as part of the attorney's role in the client's business. 83 F. Supp. 3d at 3-4. The bar on disclosure is not an issue of an attorney's integrity. *Id.* Indeed, "[t]he primary concern underlying the 'competitive decision-making' test is not that lawyers involved in such activities will

intentionally misuse confidential information; rather, it is the risk that such information will be used or disclosed inadvertently because of the lawyer's role in the client's business decisions." *Id.*

While Atrium does not purport to have knowledge as to the roles and responsibilities of the four in-house counsel Defendants identify in their proposed protective order, a search of publicly available information indicates that at least two of the in-house counsel identified, Vida Harvey at Novant and Meg Casey at Community Health Systems, have responsibilities related to competitive strategy, mergers and acquisitions, and strategic partnerships.[2] These are precisely the types of activities that courts find to be part of competitive decision-making. *See Sysco Corp.*, 83 F. Supp. 3d at 4 (rejecting in-house counsel as "too close" because he attended meetings where topics like pricing were discussed). The inclusion of these counsel is reason enough on its own to deny Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Atrium respectfully request that the Court deny Defendants' Motion for an Amended Protective Order. Atrium requests a hearing on its opposition to Defendants' Motion, if it would aid the Court.

---

[2] The LinkedIn biographies for the four Defendant in-house counsel included in the amended protective order, Kelli Ferry and Vida Harvey at Novant, and Russell Baldwin and Meg Casey at Community Health Systems, include responsibilities for "Mergers & Acquisitions," "Strategic Partnerships and Investments," and "Acquisitions & Developments." Kelli Ferry LinkedIn, available at https://www.linkedin.com/in/kelli-ferry-b573a817a/; Vida Harvey LinkedIn, available at https://www.linkedin.com/in/vida-harvey-492a19a/; Russell Baldwin LinkedIn, available at https://www.linkedin.com/in/russell-baldwin-41a5614/; Meg Casey LinkedIn, available at https://www.linkedin.com/in/meg-casey-46537923/.

Dated: March 1, 2024
Washington, D.C.

*By:*

/s/ *Sara R. Lincoln*

Sara R. Lincoln, N.C. State Bar # 22744
Lincoln Dett PLLC
4350 Congress Street, Suite 575 Charlotte,
North Carolina 28209 Tel: (704) 496-4500
Email: sara.lincoln@lincolnderr.com

*Attorney for Non-Party Atrium Health, Inc.*

/s/ *Leigh Oliver*

Leigh Oliver
CLIFFORD CHANCE US LLP 2001 K St. NW
Washington, D.C. 20006
Leigh.Oliver@cliffordchance.com
Tel: (202) 912-5933
Fax: (212) 912-6000

*Attorney for Non-Party Atrium Health, Inc.*

/s/ *Danielle Morello*

Danielle Morello
CLIFFORD CHANCE US LLP 2001 K St. NW
Washington, D.C. 20006
Danielle.Morello@cliffordchance.com
Tel: (202) 912-5933
Fax: (212) 912-6000

*Attorney for Non-Party Atrium Health, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record on March 1, 2024, by email and/or CM-ECF.

*By:*

/s/ *Sara R. Lincoln*

Sara R. Lincoln, N.C. State Bar # 22744
Lincoln Dett PLLC
4350 Congress Street, Suite 575 Charlotte, North Carolina 28209 Tel: (704) 496-4500
Email: sara.lincoln@lincolnderr.com

*Attorney for Non-Party Atrium Health, Inc.*

/s/ *Leigh Oliver*

Leigh Oliver
CLIFFORD CHANCE US LLP 2001 K St. NW
Washington, D.C. 20006
Leigh.Oliver@cliffordchance.com
Tel: (202) 912-5933
Fax: (212) 912-6000

*Attorney for Non-Party Atrium Health, Inc.*

/s/ *Danielle Morello*

Danielle Morello
CLIFFORD CHANCE US LLP 2001 K St. NW
Washington, D.C. 20006
Danielle.Morello@cliffordchance.com
Tel: (202) 912-5933
Fax: (212) 912-6000

*Attorney for Non-Party Atrium Health, Inc.*