IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDB-SCR

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMUNITY HEALTH SYSTEMS, INC. AND NOVANT HEALTH, INC.,**<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Strike Defendants' Constitutional Affirmative Defenses (Doc. No. 59). The Court has carefully considered this motion and the parties' briefs in support and in opposition to the motion. For the reasons briefly discussed below, the Court will **DENY** the motion, but will defer any presentation of evidence, briefing and/or consideration of Defendants' constitutional defenses until following the scheduled hearing on Plaintiff's requested Preliminary Injunction.

Plaintiff Federal Trade Commission ("FTC") moves under Federal Rule of Civil Procedure 12(f) to strike the constitutional affirmative defenses that Defendants Novant Health Inc. ("Novant") and Community Health Systems, Inc. ("CHS") (collectively, "Defendants") have asserted in their Answers. In those defenses, Defendants raise constitutional challenges to the FTC's process and powers that the FTC contends are "immaterial" and "impertinent" to the issues raised in the FTC's claim for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act. *See FTC v. IQVIA Holdings Inc.*, No. 23-cv-06188, 2023 WL 7152577,

1

at *8 (S.D.N.Y. Oct. 31, 2023); *FTC v. Meta Platforms, Inc.*, No. 22-cv-04325, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022). In response, Defendants argue that 1) motions to strike under Rule 12(f) are disfavored, 2) Defendants are required under Rule 8(c) of the Federal Rules of Civil Procedure to assert these affirmative defenses here or risk waiving them, and 3) the defenses have been adequately pled (a fact that the FTC does not contest; rather, it asserts the same defenses could be filed as counterclaims or a separate action). *See* Doc. No. 78.

Without reaching each of the issues asserted by the parties (nor assessing the parties' cited authorities), the Court agrees with the result requested by Defendants. Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy…" *See Shanti Wines LLC v. Shanti Elixirs LLC*, No. 1:22-cv-00262-MR, 2023 WL 5620736, at *1 (W.D.N.C. Aug. 30, 2023) (denying motion to strike affirmative defenses) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). It follows that motions to strike brought pursuant to Rule 12(f) "are to be granted infrequently." *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007). Before striking a defense as insufficient, "a court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Mod. Pharmacy, LLC v. J M Smith Corp*., No. 7:19-CV-1218-TMC, 2020 WL 13490927, at *2 (D.S.C. Mar. 18, 2020). Nevertheless, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter," Fed. R. Civ. P. 12(f), and "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt*, 252 F.3d at 347. This standard affords district courts significant discretion in determining whether to strike certain material from pleadings. *See Scherer v. Steel Creek Property Owners Ass'n*, No. 1:13cv121, 2014 WL 813824,

at *1 (W.D.N.C. Mar. 3, 2014); *Devers v. City of Huntington*, No. CV 3:18-1452, 2019 WL 4281936, at *2 (S.D.W. Va. Sept. 10, 2019).

Here, the Court declines to conclude, at this stage of the case, that Defendants' constitutional defenses are irrelevant to the FTC's "likelihood of ultimate success," which is one of the factors that the Court must consider under the governing statute. *See* 15 U.S.C. § 53(b). Therefore, the defenses should not be stricken. However, the Court agrees with the FTC that the focus of the upcoming hearing on its Complaint seeking a Preliminary Injunction should be on the antitrust issues, relevant equities and public interest related to the merger of hospitals being challenged. Accordingly, the Court will not permit the presentation of evidence on Defendants' constitutional affirmative defenses during the hearing. Also, to the extent the Court requires briefing on these issues, the Court will direct the Parties to file separate briefs limited to the constitutional defenses following the hearing.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Strike (Doc. No. 59) is **DENIED**;

2. The Court will not permit the presentation of evidence on Defendants' constitutional affirmative defenses during the Preliminary Injunction hearing scheduled to begin April 29, 2024; and

3. If briefing on these defenses is required by the Court, the Court will – no earlier than following the Preliminary Injunction hearing – order the Parties to file separate briefs directed to the defenses.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 3, 2024

Kenneth D. Bell
United States District Judge