IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDC-SCR

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | )<br>) |
| *Plaintiff,* | )<br>) |
| | ) **UNOPPOSED** |
| v. | ) **MOTION FOR EXTENSION OF TIME FOR** |
| | ) **NONPARTY LIFEPOINT HEALTH, INC. TO** |
| **NOVANT HEALTH, INC.** | ) **REQUEST FOR IN CAMERA TREATMENT** |
| | ) **OF CONFIDENTIAL INFORMATION** |
| And | )<br>) |
| **COMMUNITY HEALTH SYSTEMS, INC.,** | )<br>) |
| *Defendants.* | )<br>) |

**NOW COMES** nonparty Lifepoint Health, Inc. ("Lifepoint"), by and through their attorneys of record, who hereby requests, pursuant to Federal Rule of Civil Procedure 6(b)(1), to extend for good cause the time period specified in the Amended Protective Order which would allow Lifepoint to file a motion for *in camera* treatment of its Protected Material at any hearing in this matter. In support of this motion, Lifepoint shows the Court the following:

1. Lifepoint is a nonparty to this case, who was served a civil investigative demand (through its subsidiary, Duke Lifepoint Healthcare) by the Federal Trade Commission ("FTC") on July 14, 2023 requesting many types of documents, including, inter alia, documents relating to the transaction that is the subject of this litigation and competition in North Carolina. Also on July

1

14, 2023, the FTC served a subpoena ad testificandum requesting Duke Lifepoint Healthcare's testimony concerning those same topics.

2. Lifepoint's subsidiary, Lifepoint Acquisition Corp., was served a subpoena on February 26, 2024 by the FTC requesting many types of documents, including, inter alia, documents produced Defendants Community Health Systems, Inc. ("CHS") and Novant Health, Inc. ("Novant") in this litigation and documents relating to the transaction that is the subject of this litigation.

3. Lifepoint's subsidiary, Lifepoint Acquisition Corp., was served a subpoena on February 27, 2024 by CHS and Novant requesting many types of documents, including, inter alia, documents relating to Lifepoint's evaluation of Lake Norman Regional Medical Center and/or Davis Regional Medical Center and competition in the Charlotte area.

4. Lifepoint produced documents responsive to these subpoenas on numerous dates, marking them as "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" Protected Material pursuant to the Amended Protective Order ("APO") entered by the Court. *See* ECF No. 77. Documents produced prior to entry of the APO were redesignated as "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" Protected Material consistent with the requirements of the APO.

5. During the course of this matter, the parties took the following testimony of Lifepoint employees which have been designated as Protected Material:

    A. Farley Reardon (10/03/2023) (investigatory hearing)

    B. Dr. Philip Greene, M.D. (10/06/2023) (investigatory hearing)

    C. Farley Reardon (03/22/2024) (deposition)

6. On April 11, 2024, counsel for the FTC emailed Ryan Kantor, counsel for Lifepoint, and issued notice of the FTC's intention to offer into the public record the transcripts from Lifepoint investigatory hearings and depositions, as well as Lifepoint documents marked as Protected Material.

7. On April 12, 2024, counsel for CHS emailed Attorney Kantor and issued notice on behalf of the Defendants of their intention to offer into the public record Lifepoint documents marked as Protected Material.

8. Paragraph 13 of the APO allows that if a "nonparty wishes in camera treatment for the Document or transcript, the Party or nonparty shall file an appropriate motion with the Court within seven (7) days after it receives such notice."

9. Pursuant to Local Rule 83, Lifepoint, and Attorney Kantor, required local counsel to file a motion with the Court to receive in camera treatment of the documents and transcripts.

10. On April 16, 2024, Lifepoint obtained local counsel for representation in this matter.

11. Lifepoint's motions for in camera treatment are due on April 18, 2024 and April 19, 2024.

12. Lifepoint and their counsel require in good faith additional time within which to file its motion for in camera treatment.

13. The Case Management Order ("CMO"), *see* ECF No. 48, provides that the deadline for any party or non-party to file a motion for in camera treatment is April 24, 2024. Therefore, Lifepoint does not believe that the requested extension will result in any prejudice or delays to the case schedule.

14. Counsel for Lifepoint conferred with counsel for each of the parties prior to the filing of this Motion to resolve any areas of disagreement. Counsel for CHS and Novant confirmed in writing on April 16, 2024, and April 17, 2024, respectively, that they do not oppose the extension of time requested herein to file the Motion for In Camera Treatment. Counsel for the FTC confirmed orally on April 17, 2024, that the FTC also does not oppose the extension of time requested herein.

**WHEREFORE**, nonparty Lifepoint respectfully request that this motion be granted and that they be allowed until April 24, 2024 to file a motion for in camera treatment of documents and transcripts marked as Protected Material in response to the notices issued by the parties.

This is the 17th day of April, 2024.

Respectfully submitted,

/s/ *Leah Gaines Messick*
Leah Gaines Messick NC Bar # 45481
Winthrop & Gaines Messick, PLLC
706 Hartness Road
Statesville, NC 28677
leah@winthrop-law.com
*Attorney for Lifepoint Health, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2024, I served a true and correct copy of the foregoing document via the court's electronic filing system to the following counsel of record:

| | |
|---|---|
| Christopher Douglas Harris<br>Nathan Brenner<br>Federal Trade Commission<br>400 7th Street, SW<br>Washington, DC 20024<br>Charris1@ftc.gov<br>nbrenner@ftc.gov<br>*Counsel for the Plaintiff,*<br>*The Federal Trade Commission* | Michael J. Perry<br>Jamie E. France<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036<br>mjperry@gibsondunn.com<br>jfrance@gibsondunn.com<br>*Counsel for the Defendant,*<br>*Community Health Systems, Inc.* |

Heidi K. Hubbard
Carol J. Pruski
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
hhubbard@wc.com
cpruski@wc.com

Alexis J. Gilman
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
agilman@crowell.com

*Counsel for Defendant Novant Health, Inc.*

Respectfully submitted,

 /s/ *Leah Gaines Messick*
Leah Gaines Messick NC Bar # 45481
Winthrop & Gaines Messick, PLLC
706 Hartness Road
Statesville, NC 28677
leah@winthrop-law.com
*Attorney for Lifepoint Health, Inc.*