IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDB-SCR

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NOVANT HEALTH, INC. AND COMMUNITY HEALTH SYSTEMS, INC., <br><br> Defendants. | **ORDER** |

      **THIS MATTER** is before the Court for a final ruling on the motions of the Defendants and numerous third parties (e.g., Morgan Stanley & Co.; Centene Corporation; Blue Cross and Blue Shield of North Carolina; Aetna, Inc.; CaroMont Health, Inc.; Atrium Health, Inc.; Cornerstone Health Enablement Strategic Solutions, LLC; Cigna Healthcare of North Carolina, Inc.; Iredell Memorial Hospital, Inc.; Lifepoint Health, Inc.: and UnitedHealthcare, Inc.) asking the Court to consider certain testimony and documentary evidence *in camera*; that is, outside of the view of the public. (*See*, *e.g.*, Doc. Nos. 110, 112, 123, 128, 133, 134, 138, 156, 163, 167, 181, 182, 183 and 218). As previously explained by the Court, *see* Doc. No. 193, there are strict limits on when the Court may appropriately consider evidence privately. This openness is particularly important here where the "public interest" is the touchstone of the Court's ruling. *See* Doc. No. 227. From May 1, 2024 to May 10, 2024, the Court conducted the hearing in this matter openly, while provisionally preserving the few remaining claims of confidentiality that did not impede the public's ability to see for themselves the witnesses and evidence presented by the Parties. The

1

Court has also now entered an Order describing in detail the evidence it has relied on in reaching its ultimate decision. *Id*.

Accordingly, the remaining requests of the Defendants and third parties for confidential review are finally resolved as follows: to the extent that any document, exhibit or testimony has been cited or referred to in the Court's final Order, Doc. No. 227, or already made public during the hearing then the request for *in camera* review is denied. As to that evidence, the Court finds (or has already determined) that the need for public access outweighs the claim for confidential review. With respect to documents, exhibits or out of court testimony (such as transcripts of investigative interviews and depositions) sought to be kept confidential that have not been cited or referred to in the Court's final order and not otherwise unsealed then the request for confidential review is granted (subject to further review upon any future application of a member of the public to view specific material).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 6, 2024

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge