IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDB-SCR

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **NOVANT HEALTH, INC. AND COMMUNITY HEALTH SYSTEMS, INC.,** | |
| Defendants. | |

**THIS MATTER** is before the Court on nonparty UnitedHealth Group, Inc.'s ("United") motions to maintain the sealing of portions of two exhibits cited in the Court's Order denying Plaintiff's request for a Preliminary Injunction. (Doc. Nos. 246, 247). In accordance with its earlier Order discussing the limited circumstances in which the Court will seal documents, *see* Doc. No. 193, the Court will **GRANT** United's motion to maintain the sealed status of PX 3127 (as redacted in Doc. No. 246-1) but **DENY** United's motion to maintain the sealing of portions of DX 1 (Dr. Wu's expert report).

PX 3127 is a current confidential contract, specifically an "Amendment to Facility Participation Agreement" between United and Atrium concerning an individual exchange narrow network plan. *See* ECF No. 167-1 at 1. The Court cited this document in its preliminary injunction Order only for the general proposition (in a footnote) that "Both Atrium and Novant are large enough and have enough market power to have narrow plans that feature only their hospitals." ECF No. 227 at 23 n. 12. The Court agrees with United that the details of this contract are not

1

relevant to the issues raised by the Parties and it is not necessary that the information that United seeks to redact in Doc. No. 246-1 be unsealed to further the public's ability to evaluate the Court's ruling. Therefore, United's motion at Doc. No. 246 will be granted.

United's other motion, however, seeks the sealing of evidence that lands on the other side of the line between evidence that can and cannot be sealed. In Doc. No. 247, United requests that the Court maintain the sealing of a portion of paragraph 145 of Defendants' expert Dr. Lawrence Wu's expert report, DX 1. In that paragraph, Dr. Wu discusses United's negotiations with Novant about rates at New Hanover Regional Medical Center after Novant acquired the hospital, indicating only by percentages the rate increases sought and received by Novant (which Dr. Wu concluded were reasonable). United asks the Court to continue to seal the percentage numbers. The Court declines to do so for at least two reasons. First, the raising of insurance rates by Novant at (or related to) New Hanover was a relevant dispute among the Parties that the Court referenced in its preliminary injunction Order, Doc. No. 227 at 24, n. 14, even though the Court did not specifically cite Dr. Wu's report on that issue. Second, the specific numbers are necessary for the public to evaluate Dr. Wu's subjective statements characterizing the final negotiated numbers as "much lower" than Novant's initial proposal. Thus, this evidence is both relevant and necessary for the public to understand the testimony admitted into evidence and otherwise unsealed.

**NOW THEREFORE IT IS ORDERED THAT:**

1. UnitedHealth Group, Inc.'s motion Doc. No. 246 is **GRANTED.** The clerk is directed to unseal PX 3127 only with the redactions reflected in Doc. No. 246-1; and

2. UnitedHealth Group, Inc.'s motion Doc. No. 247 is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 13, 2024

Kenneth D. Bell
United States District Judge