IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDB-SCR

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | **ORDER** |
| NOVANT HEALTH, INC. AND COMMUNITY HEALTH SYSTEMS, INC., | |
| Defendants. | |

**THIS MATTER** is before the Court on nonparty Aetna, Inc.'s motion to maintain the sealing of portions of two exhibits cited in the Court's Order denying Plaintiff's request for a Preliminary Injunction. (Doc. No. 251). In accordance with its earlier Order discussing the limited circumstances in which the Court will seal documents, *see* Doc. No. 193, the Court will **in part GRANT** and **in part DENY** Aetna's motion.

PX 7044 is a transcript of the deposition of Jason Keibler, Executive Director of Network Management at Aetna. Aetna contends that certain portions of PX 7044 "contain highly confidential information concerning the reimbursement rates and other competitively-sensitive price-related terms in Aetna's current contracts, or proposals exchanged in the most recent contract negotiations, with medical providers Novant Health, Inc. ("Novant"), Community Health Systems, Inc. ("CHS"), and Atrium Health ("Atrium")." The Court, however, need not decide the merits of Aetna's characterization of this testimony or whether it should otherwise be unsealed. None of this testimony was cited during the hearing, in the parties' post-trial briefs or in the Court's ultimate

1

preliminary injunction Order. Therefore, the deposition testimony Aetna seeks to protect has not even been admitted into evidence and will remain under seal.

The other part of Aetna's motion, which seeks the redaction and continued sealing of paragraph 144 of Defendants' expert Dr. Lawrence Wu's expert report, DX 1, will be denied. In that paragraph, Dr. Wu discusses Aetna's negotiations with Novant about rates at New Hanover Regional Medical Center after Novant acquired the hospital, indicating only by percentages the rate increases sought and received by Novant. Aetna asks the Court to continue to seal the percentage numbers. The Court declines to do so just as the Court declined to seal similar information related to the addition of New Hanover hospital to United Health's insurance network. *See* Doc. No. 250. The reasons for not sealing this information include that the alleged raising of insurance rates by Novant at (or related to) New Hanover was a relevant dispute among the Parties that the Court referenced in its preliminary injunction Order, Doc. No. 227 at 24, n. 14, even though the Court did not specifically cite Dr. Wu's report on that issue.

Finally, in its motion Aetna asks the Court to stay any ruling declining to seal all of the information requested to be sealed until it has an opportunity to appeal that ruling. Although the Court believes that it has properly exercised its discretion to only partially grant Aetna's motion, and therefore Aetna cannot show a likelihood of success on appeal, the Court finds that there is relatively little harm in allowing Aetna time to pursue an appeal. Therefore, the unsealing of the portion of DX 1 Aetna seeks to seal will be stayed while Aetna appeals the Court's ruling.[1]

---

[1] In fairness to United Health, Aetna's competitor, the Court will, *sua sponte*, similarly stay the unsealing of the portion of DX 1 that United asked the Court to seal until Aetna's appeal is resolved. Although the Court believes the limited, highly relevant percentage information in dispute should be disclosed for both companies, it would be wrong to put one insurer's information into the public record but not the other's.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Aetna, Inc.'s Motion to Maintain Sealing of Certain Information (Doc. No. 251) is **GRANTED** as to PX 7044 but **DENIED** as to DX 1**;**

2. The unsealing of the portions of DX 1 sought to be sealed by both Aetna and United Health (*see* Doc. No. 247 at 2) is stayed until Aetna's (planned) appeal of this ruling is resolved. Aetna is directed to promptly inform the Court (at or before the end of the time in which a timely appeal may be filed) if it decides not to pursue an appeal; and

3. Defendants are directed to file with the Court a redacted version of DX 1 that reflects United Health's and Aetna's requested redactions (and any other redactions, if any, previously ordered) so that the exhibit may be publicly available to the fullest extent possible pending Aetna's appeal.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 14, 2024

Kenneth D. Bell
United States District Judge