FILED:  June 18, 2024

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1526**
**(5:24-cv-00028-KDB-SCR)**

———————

FEDERAL TRADE COMMISSION,

        Plaintiff – Appellant,

    v.

NOVANT HEALTH, INC.; COMMUNITY HEALTH SYSTEMS, INC.,

        Defendants – Appellees.

———————

O R D E R

———————

Upon consideration of submissions relative to appellant's motion for an injunction pending appeal, the court grants the motion and enjoins the acquisition of Lake Norman Regional Medical Center by Novant Health, Inc. pending appeal.

Entered at the direction of Judge Benjamin with the concurrence of Judge Thacker.  Judge Wilkinson voted to deny the motion.

For the Court

/s/ Nwamaka Anowi, Clerk

WILKINSON, Circuit Judge:

With all respect to the view of my two fine colleagues, I would deny the request for an emergency injunction. The district court found that the proposed transaction (which the FTC seeks to block) will revitalize the Davis hospital and enhance competition between Novant and Atrium. *FTC v. Cmty. Health Sys., Inc. & Novant Health, Inc.*, No. 24-CV-00028, 2024 WL 2854690, at *2 (W.D.N.C. June 5, 2024) (crediting Novant's argument that "the merger will be pro-competitive because it will enable Novant to better compete with Atrium as it inevitably expands its presence in the Lake Norman area."). The Davis hospital seems on its last legs, and I worry that, as the district court found, its closure may be imminent. *Id.* at *23 ("[T]here is clear evidence, which the FTC does not appear to dispute, that Davis will close absent the transaction."). Indeed, the district found that, without the transaction, Lake Norman Regional's "future is decidedly uncertain" as well. *Id.* at *15. Such closures would by definition lessen any competition. *Id.* at *3 ("[T]he closure of the hospitals . . . will reduce rather than enhance competition.").

As the district court further noted, sending this back to the FTC and the administrative law judge is a process that ordinarily takes over two years. *Id.* at *6 ("This administrative process and appeal is likely to last more than two years."). Given the evidence I am not sure any financially hard-pressed healthcare facility would have that amount of time. Hospitals such as Davis and Lake Norman Regional

2

may not provide a full menu of advanced procedures, but they do tend to increase access to vital healthcare for underserved populations.

I am reluctant to place all this in jeopardy. The district court would seem to have the best view of the market concentration and conditions in the Charlotte area. I cannot find the trial court's fact finding, reached after an exhaustive examination of the evidence, to be clearly erroneous. If the proposed transaction were a merger between two behemoths, I would feel differently. But, like the district court, I cannot see how this transaction involving these relatively small facilities would be anticompetitive. Quite the contrary.

The question before the district court was whether blocking the transaction was in the "public interest." 15 U.S.C. § 53(b)(2). The district court was not wrong to think the public interest would be facilitated by helping these hospitals find the financial infusion they need to survive. Given the district court's findings, the prospect of the FTC's ultimate success on the merits is rather remote. *See id.*

The trial court plainly did not want to run the risk of restricting the healthcare options available to patients in the greater Charlotte area. *See Cmty. Health Sys.*, 2024 WL 2854690 at *26 ("Keeping Davis open is clearly in the public interest because its closure would eliminate critically needed inpatient psychiatric services."). To sum up, I am concerned that an injunction could well serve to sink the hospital and visit upon the Charlotte community the detrimental anticompetitive

3

effects that would ensue. The FTC is acting too aggressively in this case, forgetting there is such a thing as a vibrant private sector.

4